## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

WILLIAM POU, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

CONMEBOL, CONCACAF, MIAMI
DOLPHINS, LTD., and SOUTH
FLORIDA STADIUM LLC,

     Defendants.

_____/

CASE NO:

**JURY TRIAL DEMANDED**

**CLASS REPRESENTATION**

## COMPLAINT

COMES NOW, Plaintiff William Pou ("Pou"), by and through the undersigned counsel, files this Complaint against Defendants CONMEBOL, CONCACAF, Miami Dolphins, LTD. ("Dolphins"), and South Florida Stadium LLC ("Hard Rock Stadium"), and in support thereof states as follows:

## THE PARTIES

1.    Plaintiff William Pou is a natural person with principal residency within Miami-Dade County, Florida.

2.    CONMEBOL is an international sports organization with headquarters in Luque, Paraguay.

3.    CONCACAF is an international sports organization with headquarters in Miami-Dade, Florida.

4.    Miami Dolphins, LTD., is a Florida limited partnership with principal address in Miami-Dade County, Florida.

1

5.      South Florida Stadium LLC Florida limited liability company with principal address in Miami-Dade County, Florida.

6.      Miami Dolphins, LTD. And South Florida Stadium LLC share the same principal address.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this case because this action involves diversity jurisdiction and class action allegations exceeding $5,000,000. *See* 28 U.S.C.S. § 1332(d)(2); Fed. R. Civ. P. 23.

8.      This Court has personal jurisdiction over Defendants because they executed and breached a contract to be performed in Florida. *See* § 48.193(1)(a)(7) Fla. Stat; Fed. R. Civ. P. 4(k)(1)(a).

9.      Venue is proper in the United States District Court for the Southern District of Florida, Miami Division, because it is where a substantial part of the events or omissions alleged herein accrued. *See* 28 U.S.C.S. § 1391(b)(2).

10.     All conditions precedent to the bringing of this action have either been performed or they have been waived.

## FACTS

11.     Defendant CONMEBOL, or Confederación Sudamericana de Fútbol, is the governing association of South American soccer.

12.     Hard Rock Stadium is located at 347 Don Shula Dr Miami Gardens, FL 33056.

13.     Defendant South Florida Stadium LLC owns the land where Hard Rock Stadium rests, and, upon information and belief, manages its operations.

14.     Upon information and belief, Dolphins is Hard Rock Stadium's main tenant.

15.     Upon information and belief, Dolphins jointly manages Hard Rock Stadium's operations with respect to other tenants, whether permanent or temporary, as well as guests and invitees.

16.     Defendant CONCACAF, or the Confederation of North, Central America and Caribbean Association Football, is the organization governing soccer in the respective regions.

17.     With varying frequency, CONMEBOL organizes Copa America—a tournament between all CONMEBOL-associated national teams.

18.     CONMEBOL also invites national teams from other conferences, including USA Soccer and Mexico national football team, to editions of Copa America.

19.     On or about January 2023, CONMEBOL and CONCACAF organized to hold the next Copa America in the United States—with the name Copa America USA 2024.

20.     On or about November 20, 2023, CONMEBOL and CONCACAF decided to host the final game of the tournament at Hard Rock Stadium's venue in Miami-Dade.

21.     Copa America USA 2024's organizers also announced an array of stadiums, across the United States, in which the matches would be held.

22.     On June 20, 2024, the Argentinian and Canadian national soccer teams confronted themselves in the first match of Copa America USA 2024.

23.     On July 10, 2024, the Colombian national team won the last semi-finals match.

24.     Thus, the final match was set to be disputed on July 14, 2024, at 8:00 p.m., between the Argentinian and Colombians teams, at Hard Rock Stadium.

25.     Tickets for the final match initially retailed at around $1,500, but it has been reported that soon before the final match the cheapest available tickets were valued at around $6,500.

26.     Plaintiff Pou is an American citizen, U.S. military veteran, and resident of Miami-Dade County.

27.     Having learned the Colombian soccer team could make it to the final match, Pou readied himself to bring his nuclear family, as well as some of his in-law relatives residing in Colombia, to watch the game in his city.

28.     To that effect, Pou sent money to his family in Colombia so they could purchase plane tickets for five of his relatives.

29.     Pou's family in Colombia consisted in Juan and Juanita Salazar and their three children. (together the "Salazar Family").

30.     On July 1, 2024, four members of the Salazar Family flew from Colombia.

31.     On July 11, 2024, knowing the Colombian soccer team officially qualified for the final match, Juan Salazar landed in Miami.

32.     Pou bought <u>five tickets</u> for the final match, one for each member of the Salazar Family. *See* **Exhibit 1**, Tickets.

33.     Further, Pou bought another <u>four tickets</u> for his own family residing in the United States. *See id.*

34.     Thus, all nine family members arrived at Hard Rock Stadium around 4 p.m. on July 14, 2024.

35.     Pou purchased parking spots for two vehicles.

36.     Around the time of arrival, the family could already perceive the unusually big crowd of people surrounding Hard Rock Stadium.

37.     However, Pou did not perceive a change in security protocol relative to his previous visits to Hard Rock Stadium for other sporting events.

4

38.     Pou and his family waited around Hard Rock Stadium until about 7:00 p.m.—when they tried to approach their assigned entry gate—Hard Rock Stadium's "SW Gate."

39.     However, the family noticed that just an hour before the game, Hard Rock Stadium personnel kept the gates closed and kept the crowd from going inside the stadium and into the bleachers.

40.     At around 7:30 p.m., Pou saw an individual break through the security blockage and run inside Hard Rock Stadium.

41.     Pou did not see the Hard Rock Stadium security personnel swiftly manage the trespass.

42.     Soon after, the crowd rushed inside, bypassing security.

43.     The family resorted to fend off the family's young children and wait for the rout to subside.

44.     Pou stood and watched the as crowd tumbled and ran offer various metal and hazard detection systems on their way inside Hard Rock Stadium.

45.     Pou did not see Hard Rock Stadium personnel checking tickets from many members of the crowd.

46.     Eventually, Pou noticed Hard Rock Stadium and once again blocked entry through the SW Gate.

47.     Hard Rock Stadium personnel subsequently denied any further entry to the public.

48.     The family thus circled hard Rock Stadium in search of another entry point inside Hard Rock Stadium.

49.     Pou noticed, approximately, around 5,000 people were left to wonder outside the stadium.

50.     At around 9:15 p.m., Pou and his family reached Hard Rock Stadium's "G Gate."

51.     Hard Rock Stadium's employees at "G Gate" directly told Pou and his family that Hard Rock Stadium will not let them inside the stadium, irrespective of whether the family had tickets for the match.

52.     The Hard Rock Stadium employees said the family could watch the game from the TV screens in the outside of the building.

53.     The family watched a portion of the match in the TV outside, and then headed home to finish watching the match.

54.     Pou learned, it is believed, a significant portion of the crowd that made it inside Hard Rock Stadium on July 14, 2024, did not have tickets for the soccer match.

55.     None of the Defendants have sought to return the value of the tickets to Plaintiff and his family.

56.     As a consequence of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including being forced to hire the undersigned counsel to investigate and litigate this matter.

## CLASS ALLEGATIONS

57.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff Pou, on behalf of himself and others similarly situated, seeks certification of the following Class:

    a.   All persons who, for purposes other than resale, purchased from Defendants, their agents, or their associates during the Class Period (February 28, 2024, to July 14, 2024) a ticket to watch the Copa America USA 2024 Final Match on July 14, 2024, at Hard Rock Stadium but where later denied entry into the Hard Rock Stadium.

58.     The approximate number of class members is in the hundreds or even thousands.

59.     If Class members paid at least $1,500 per ticket, the class far exceeds the applicable amount of controversy requirement. *See* 28 U.S.C.S. § 1332(d)(6).

60.     Further, upon information and belief, at least one-third of Class members came to Florida for the Copa America USA 2024 final match from either other US states or foreign nations.

61.     Defendants are subject to general jurisdiction in the State of Florida, accordingly relief on behalf of the proposed Class is appropriate.

62.     Pou is a member of the Class he seeks to represent.

63.     Pou reserves the right to amend the definition of the Class prior to filing his motion for class certification.

64.     Excluded from the Class is the Judge presiding over this litigation, the Judge's immediate family members, and any members of the Judge's judicial staff, the officers and directors of Defendant and their immediate family members, Class Counsel and their immediate family members, and persons who timely and validly request exclusion from the Settlement Class, and the legal representatives of each of these excluded categories of persons.

65.     The Class Period is from February 2024 to the present.

### *Numerosity*

66.     This action satisfies the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) as the members of the Class are so numerous that separate joinder of each member is impracticable. The Class will include hundreds or thousands of members.

### *Commonality and Predominance*

67.     This action satisfies the commonality requirement of Federal Rule of Civil Procedure 23(a)(2) since Pou's claims raise questions of law or fact common to the questions of law or fact raised by the claims of each member of the Class and these questions predominate over any question of law or fact affecting only individual members of the Class.

68.     Such common and predominant questions include:

a.   Whether CONMEBOL breached the contract when the Class was denied entry into Hard Rock Stadium.

b.   Whether CONCACAF breached the contract when the Class was denied entry into Hard Rock Stadium.

c.   Whether Hard Rock Stadium breached the contract when the Class was denied entry into Hard Rock Stadium.

d.   Whether the contract breach of any of the Defendants caused damages to the Class, and the extent of those damages.

e.   Whether CONMEBOL owed a duty to the Class to safely organize the Copa America USA 2024 final match in a safely fashion and allowing ticket purchasers to enter Hard Rock Stadium.

f.   Whether CONCACAF owed a duty to the Class to safely organize the Copa America USA 2024 final match in a safely fashion and allowing ticket purchasers to enter Hard Rock Stadium.

g.   Whether Hard Rock Stadium owed a duty to the Class to safely organize the Copa America USA 2024 final match in a safely fashion and allowing ticket purchasers to enter Hard Rock Stadium.

h.   Whether Dolphins owed a duty to the Class to safely organize the Copa America USA 2024 final match in a safely fashion and allowing ticket purchasers to enter Hard Rock Stadium.

i.   Whether CONMEBOL breached the duty to organize the Copa America USA 2024 final match when a crowd stormed inside the venue without going through security to check tickets.

j.   Whether CONCACAF breached the duty to organize the Copa America USA 2024 final match when a crowd stormed inside the venue without going through security to check tickets.

k.   Whether Hard Rock Stadium breached the duty to organize the Copa America USA 2024 final match when a crowd stormed inside the venue without going through security to check tickets.

l.   Whether Dolphins breached the duty to organize the Copa America USA 2024 final match when a crowd stormed inside the venue without going through security to check tickets.

m.   Whether CONMEBOL's failure to organize the Copa America USA 2024 final match cause injury to the Class in the Class missing the final match.

n.   Whether CONCACAF's failure to organize the Copa America USA 2024 final match cause injury to the Class in the Class missing the final match.

o.   Whether Hard Rock Stadium's failure to organize the Copa America USA 2024 final match cause injury to the Class in the Class missing the final match.

p.   Whether Dolphins' failure to organize the Copa America USA 2024 final match cause injury to the Class in the Class missing the final match.

*Typicality*

69.   This action satisfies the typicality requirement of Federal Rule of Civil Procedure 23(a)(3) because Pou's claims are typical of the claims of each member of the Class.

70.   Pou, and all members of the Class, purchased a ticket to attend the Copa America USA 2024 final match.

71.   Pou, and all members of the Class, were denied entry into Hard Rock Stadium on July 14, 2024, around the time of the Copa America USA 2024 final match.

72.   Pou, and all members of the Class, have been damaged by Defendants' misconduct because, among other things, he paid for ticket to attend an event, yet he was denied entry to said event—though the event still took place.

73.   Pou, and all members of the Class, would not have purchased the tickets if they knew they would not be allowed inside Hard Rock Stadium, or if there was such a risk that they would not be allowed inside.

*Adequacy*

74.   This action satisfies the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4).

75.   Pou can fairly and adequately protect and represent the interests of the members of the Class. Pou is aware of their responsibilities as class representatives and have no conflicts with

any member of the Class.

76.     Pou has retained the undersigned attorneys to represent him in this matter, who are experienced in complex litigation, including class actions, and have the skills and resources necessary to meet the needs of this case.

### *Superiority*

77.     This action satisfies the superiority requirement of Federal Rule of Civil Procedure 23(b)(3) since class representation is superior to other available methods for the fair and efficient adjudication of the controversy. It would be an inefficient use of judicial resources to require each member of the Class affected by Defendants' actions to bring their own claim. Furthermore, this case deals with common issues of law that may be adjudicated uniformly in a single action without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would require.

### *Declaratory Relief*

78.     This action satisfies the declaratory relief requirement of Federal Rule of Civil Procedure 23(b)(2) since Defendants CONMEBOL and CONCACAF have denied or failed to claim any liability or relationship with respect to the Class. Thus, declaratory relief establishing the existence of a contractual or duty-based relationship is appropriate for the Class as a whole.

### *Fed. R. Civ. P. 1.220(b)(1)*

79.     Alternatively, Pou's claims may be maintained on behalf of the Class under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate claims by individual members of the Class would create a risk of either inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for Defendants, or adjudications concerning whether any or all Defendants entered versions of the

same contract with members of the Class, or adjudications concerning individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests.

## COUNT I
## BREACH OF CONTRACT
*Against CONMEBOL*

80.     Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

81.     "For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Alfaro v. Bank of Am., N.A.*, No. 21-10948, 2024 U.S. App. LEXIS 6146, at *11 (11th Cir. Mar. 14, 2024) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)).

82.     Pou, similar to all members of the Class, purchased nine tickets to attend the Copa America USA 2024 final match, which CONMEBOL organized and in which consequence, CONMEBOL collected profit.

83.     Thus, Pou, similar to all members of the Class, and CONMEBOL entered a contract in which by virtue of his purchase, CONMEBOL would host an event which Pou and his family could attend.

84.     However, CONMEBOL and/or its associates physically and effectively denied Pou and his family's entry, as well as other members of the Class, into Hard Rock Stadium.

85.     Pou, and all members of the Class, were thus deprived on the benefit for which they paid event tickets.

86.     Pou, similar to other members of the Class, further suffered damages incurred in reliance of the contract, including but not limited to purchasing plane tickets for his family to arrive in Miami, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONMEBOL for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**COUNT II**
**BREACH OF CONTRACT**
*Against CONCACAF*

87.     Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

88.     "For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Alfaro v. Bank of Am., N.A.*, No. 21-10948, 2024 U.S. App. LEXIS 6146, at *11 (11th Cir. Mar. 14, 2024) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)).

89.     Pou, similar to all members of the Class, purchased nine tickets to attend the Copa America USA 2024 final match, which CONCACAF organized and in which consequence, CONCACAF collected profit.

90.     Thus, Pou, all members of the Class, and CONCACAF entered a contract in which by virtue of his purchase, CONCACAF would host an event which Pou and his family could attend.

91.     However, CONCACAF and/or its associates physically and effectively denied Pou and his family's entry, as well as other members of the class, into Hard Rock Stadium.

92.     Pou, and all members of the Class, were thus deprived on the benefit for which they paid event tickets.

93.     Pou, similar to other members of the Class, further suffered damages incurred in reliance of the contract, including but not limited to purchasing plane tickets for his family to arrive in Miami, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONCACAF for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**COUNT III**
**UNJUST ENRICHMENT**
*Against CONMEBOL*
*(Pled in the alternative)*

94.     Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

95.     Unjust enrichment occurs when "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff." *Dixon v. Univ. of Mia.*, 75 F.4th 1204, 1210 (11th Cir. 2023) (quoting *Doral Collision Ctr., Inc. v. Daimler Tr.*, 341 So. 3d 424, 429 (Fla. 3d DCA 2022)).

96.     Pou and the Class members claim unjust enrichment in the alternative absence of a binding contract between Class members and CONMEBOL.

97.     Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which CONMEBOL organized and in which consequence, CONMEBOL collected profit.

98.     COMNEBOL has not compensated Pou, nor other members of the Class, for their purchase of tickets.

99.     Since CONMEBOL and/or its associates denied Pou, and all members of the Class, entry into Hard Rock Stadium at the date and time of the event, it would be inequitable for CONMEBOL to retain profits without paying the value of the tickets back to Pou and the other Class members.

100.    As a result of CONMEBOL's unjust enrichment, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to purchasing plane tickets to arrive in Miami, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONMEBOL for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**COUNT IV**
**UNJUST ENRICHMENT**
*Against CONCACAF*
*(Pled in the alternative)*

101.    Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

14

102.     Unjust enrichment occurs when "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff." *Dixon v. Univ. of Mia.*, 75 F.4th 1204, 1210 (11th Cir. 2023) (quoting *Doral Collision Ctr., Inc. v. Daimler Tr.*, 341 So. 3d 424, 429 (Fla. 3d DCA 2022)).

103.     Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which CONCACAF organized and in which consequence, CONCACAF collected profit.

104.     Pou and the Class members claim unjust enrichment in the alternative absence of a binding contract between Class members and CONCACAF.

105.     CONCACAF has not compensated Pou, nor other members of the Class, for their purchase of tickets.

106.     Since CONCACAF and/or its associates denied Pou, and all members of the Class, entry into Hard Rock Stadium at the date and time of the event, it would be inequitable for CONCACAF to retain profits without paying the value of the tickets back to Pou and the other Class members.

107.     As a result of CONCACAF's unjust enrichment, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to purchasing plane tickets to arrive in Miami, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONCACAF for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's

fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**COUNT V**
**NEGLIGENCE**
*Against CONMEBOL*

108.    Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

109.    A negligence claim needs a showing that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *In re Lohengrin, Ltd.*, No. 20-60970-CIV, 2021 U.S. Dist. LEXIS 184829, at *9 (S.D. Fla. Sep. 27, 2021) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)).

110.    Pou and the Class members claim negligence in the alternative absence of a binding contract between Class members and CONMEBOL.

111.    Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which CONMEBOL organized and in which consequence, CONMEBOL collected profit.

112.    Thus, CONMEBOL had a duty to organize Copa America USA 2024's final match in a way that would allow all Class members to attend the match at Hard Rock Stadium.

113.    Further, CONMEBOL had a duty to organize the match in such a way that attendance would be safe and could be completed.

114.    CONMEBOL breached its duty when, among other acts and omissions, it failed to procure a secure perimeter around Hard Rock Stadium.

115.    CONMEBOL should have further procured instruments and/or personnel to maintain orderly rows of invitees as they approached and entered Hard Rock Stadium.

116.    Further, CONMEBOL procured instruments and/or personnel to verify tickets, as well as possession of dangerous instruments and substances, of every individual attempting to enter Hard Rock Stadium.

117.    Furthermore, CONMEBOL failed to reorganize in such a way as to let ticket holders inside Hard Rock Stadium after the rout subsided.

118.    However, CONMEBOL failed to procure the devices, personnel, and protocols either partially or altogether.

119.    But-for CONMEBOL's failure to competently organize Copa America USA 2024's final match, CONMEBOL and/or its associates denied Pou and all Class members entry into Hard Rock Stadium.

120.    Pertinently, on July 10, 2024, there had already been a brawl at the end of Colombia's Copa America USA 2024 semi-final match with the Uruguayan national team—affecting both soccer team players as well as fans in the public.

121.    Thus, CONMEBOL could easily foresee that careful measures would be required to safely and competently guarantee attendance to Copa America USA 2024's final match.

122.    It was thus foreseeable that without safety measures, Hard Rock Stadium could end up closing its doors to some or all ticket holders, which includes all Class members.

123.    As a result of Hard Rock Stadium's denial for entry, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to purchasing plane tickets to arrive in Miami, the price of the tickets, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

17

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONMEBOL for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**COUNT VI**
**NEGLIGENCE**
*Against CONCACAF*

124.    Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

125.    A negligence claim needs a showing that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *In re Lohengrin, Ltd.*, No. 20-60970-CIV, 2021 U.S. Dist. LEXIS 184829, at *9 (S.D. Fla. Sep. 27, 2021) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)).

126.    Pou and the Class members claim negligence in the alternative absence of a binding contract between Class members and CONCACAF.

127.    Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which CONCACAF organized and in which consequence, CONCACAF collected profit.

128.    Thus, CONCACAF had a duty to organize Copa America USA 2024's final match in a way that would allow all Class members to attend the match at Hard Rock Stadium.

129.    Further, CONCACAF had a duty to organize the match in such a way that attendance would be safe and could be completed.

130.    CONCACAF breached its duty when, among other acts and omissions, it failed to procure a secure perimeter around Hard Rock Stadium.

131.    CONCACAF should have further procured instruments and/or personnel to maintain orderly rows of invitees as they approached and entered Hard Rock Stadium.

132.    Further, CONCACAF procured instruments and/or personnel to verify tickets, as well as possession of dangerous instruments and substances, of every individual attempting to enter Hard Rock Stadium.

133.    However, CONCACAF failed to procure the devices, personnel, and protocols either partially or altogether.

134.    Furthermore, CONCACAF failed to reorganize in such a way as to let ticket holders inside Hard Rock Stadium after the rout subsided.

135.    But-for CONCACAF's failure to competently organize Copa America USA 2024's final match, CONCACAF and/or its associates denied Pou and all Class members entry into Hard Rock Stadium.

136.    Pertinently, on July 10, 2024, there had already been a brawl at the end of Colombia's Copa America USA 2024 semi-final match with the Uruguayan national team—affecting both soccer team players as well as fans in the public.

137.    Thus, CONCACAF could easily foresee that careful measures would be required to guarantee attendance safely and competently to Copa America USA 2024's final match.

138.    It was thus foreseeable that without safety measures, Hard Rock Stadium could end up closing its doors to some or all ticket holders, which includes all Class members.

139.    As a result of Hard Rock Stadium's denial for entry, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to

purchasing plane tickets to arrive in Miami, the price of the tickets, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONCACAF for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

## COUNT VII
## NEGLIGENCE
*Against Hard Rock Stadium*

140.     Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

141.     A negligence claim needs a showing that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *In re Lohengrin, Ltd.*, No. 20-60970-CIV, 2021 U.S. Dist. LEXIS 184829, at *9 (S.D. Fla. Sep. 27, 2021) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)).

142.     Pou and the Class members claim negligence in the alternative absence of binding contracts between Class members and Hard Rock Stadium.

143.     Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which Hard Rock Stadium organized, hosted, and in which consequence, hard Rock Stadium collected profit.

144.     Thus, Hard Rock Stadium had a duty to organize Copa America USA 2024's final match in a way that would allow all Class members to attend the match at Hard Rock Stadium.

145.     Further, Hard Rock Stadium had a duty to organize the match in such a way that attendance would be safe and could be completed.

146.     Hard Rock Stadium breached its duty when, among other acts and omissions, it failed to procure a secure perimeter around Hard Rock Stadium.

147.     Hard Rock Stadium should have further procured instruments and/or personnel to maintain orderly rows of invitees as they approached and entered Hard Rock Stadium.

148.     Further, Hard Rock Stadium procured instruments and/or personnel to verify tickets, as well as possession of dangerous instruments and substances, of every individual attempting to enter Hard Rock Stadium.

149.     However, Hard Rock Stadium failed to procure the devices, personnel, and protocols either partially or altogether.

150.     Furthermore, Hard Rock Stadium failed to reorganize in such a way as to let ticket holders inside Hard Rock Stadium after the rout subsided.

151.     But-for Hard Rock Stadium's failure to competently organize Copa America USA 2024's final match, Hard Rock Stadium and/or its associates denied Pou and all Class members entry into Hard Rock Stadium.

152.     Pertinently, on July 10, 2024, there had already been a brawl at the end of Colombia's Copa America USA 2024 semi-final match with the Uruguayan national team—affecting both soccer team players as well as fans in the public.

153.     Thus, Hard Rock Stadium could easily foresee that careful measures would be required to guarantee attendance safely and competently to Copa America USA 2024's final match.

154.    It was thus foreseeable that without safety measures, Hard Rock Stadium could end up closing its doors to some or all ticket holders, which includes all Class members.

155.    As a result of Hard Rock Stadium's denial for entry, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to purchasing plane tickets to arrive in Miami, the price of the tickets, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant Hard Rock Stadium for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**COUNT VIII**
**NEGLIGENCE**
*Against Dolphins*

156.    Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

157.    A negligence claim needs a showing that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *In re Lohengrin, Ltd.*, No. 20-60970-CIV, 2021 U.S. Dist. LEXIS 184829, at *9 (S.D. Fla. Sep. 27, 2021) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)).

158.    Pou, and all members of the Class, purchased tickets to attend Copa America USA 2024's final match, which Dolphins—as Hard Rock Stadium's main tenant—helped organize and host.

159.     Thus, Dolphins had a duty to organize and monitor Hard Rock Stadium and its perimeter so that the Class could attend the Copa America USA 2024's final match.

160.     Further, Dolphins had a duty to coordinate personnel around Hard Rock Stadium in such a way that attendance would be safe and could be completed.

161.     Dolphins breached its duty when, among other acts and omissions, it failed to procure a secure perimeter around Hard Rock Stadium.

162.     Dolphins should have further procured instruments and/or personnel to maintain orderly rows of invitees as they approached and entered Hard Rock Stadium.

163.     Further, Dolphins should have procured sufficient instruments and/or personnel to verify tickets, as well as possession of dangerous instruments and substances, of every individual attempting to enter Hard Rock Stadium.

164.     However, Dolphins failed to procure the devices, personnel, and protocols either partially or altogether.

165.     Furthermore, Dolphins failed to reorganize in such a way as to let ticket holders inside Hard Rock Stadium after the rout subsided.

166.     But-for Dolphins' failure to competently organize Copa America USA 2024's final match, Hard Rock Stadium and/or its associates denied Pou and all Class members entry into Hard Rock Stadium.

167.     Pertinently, on July 10, 2024, there had already been a brawl at the end of Colombia's Copa America USA 2024 semi-final match with the Uruguayan national team—affecting both soccer team players as well as fans in the public.

168.     Thus, Dolphins could easily foresee that careful measures would be required to guarantee attendance safely and competently to Copa America USA 2024's final match.

169.    It was thus foreseeable that without safety measures, either Dolphins or Hard Rock Stadium could end up closing its doors to some or all ticket holders, which includes all Class members.

170.    As a result of Hard Rock Stadium's denial for entry, Pou and other Class members have suffered damages in reliance of their purchase of tickets, including but not limited to purchasing plane tickets to arrive in Miami, the price of the tickets, parking fees at Hard Rock Stadium, food and water on the day of the Copa America USA 2024 final match, and others.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant Dolphins for: (a) damages, in an amount to be determined at trial; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

**COUNT IX**
**<u>DECLARATORY JUDGMENT</u>**
*Against CONMEBOL*

171.    Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

172.    Federal courts, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.S. § 2201(a).

173.    Upon information and belief, CONMEBOL has publicly denied liability as to the events to July 14, 2024.

174.    CONMEBOL instead blames Hard Rock Stadium for the disturbances and losses that took place.

175.    However, CONMEBOL was intricately involved in the planning and organization of the July 14, 2024, Copa America USA 2024 match.

176.    Pou, along all Class members, suffered economic damages as a result of Hard Rock and/or its associates denying entry inside Hard Rock Stadium to the Class.

177.    Pou, and all Class members, are thus entitled to a judgment determining whether a contractual relation exists between the Class and CONMEBOL, or alternatively whether CONMEBOL owed a duty to the Class, and if so, the nature of CONMEBOL's duty.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONMEBOL for: (a) declaratory judgment; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

## COUNT X
## DECLARATORY JUDGMENT
*Against CONCACAF*

178.    Plaintiff incorporates and re-alleges paragraphs 1 through 79 as though fully set forth herein.

179.    Federal courts, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.S. § 2201(a).

180.    Upon information and belief, CONCACAF has denied liability as to the events to July 14, 2024, or otherwise failed to state its liability and responsibilities with respect to the events.

181.    However, CONCACAF, upon information and belief, was intricately involved in the planning and organization of the July 14, 2024, Copa America USA 2024 match.

182.    Pou, along all Class members, suffered economic damages as a result of Hard Rock and/or its associates denying entry inside Hard Rock Stadium to the Class.

183.    Pou, and all Class members, are thus entitled to a judgment determining whether a contractual relation exists between the Class and CONCACAF, or alternatively whether CONCACAF owed a duty to the Class, and if so, the nature of CONCACAF's duty.

WHEREFORE, Plaintiff William Pou demands judgment against Defendant CONCACAF for: (a) declaratory judgment; (b) costs, interest and reasonable attorney's fees; (c) pre-judgment and post-judgment interest; and (d) all other relief that this Court deems just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues so triable.

Dated: July 24, 2024

Respectfully submitted,

Eduardo A. Maura, Esq.
Luis F. Quesada, Esq.
Ryan M. Sawal, Esq.
Orestes D. Garcia, Esq.
*Attorneys for Plaintiff*
**Ayala Law, P.A.**
2490 Coral Way, Ste 401
Miami, FL 33145
305-570-2208 Phone
eduardo@ayalalawpa.com

**EXHIBIT 1**

8:00 PM
Jul 14, 2



- CONMEBOL -
**COPA AMERICA**
USA 2024

HARD ROCK STADIUM
**Copa America 2024 - Final - Argentina v Colombia**

SEC
**301**

ROW
**23**

SEAT
**9**

ENTRY INFO
**SW GATE**



8:00 PM
Jul 14, 2024



- CONMEBOL -
COPA AMERICA
USA 2024

HARD ROCK STADIUM
Copa America 2024 – Final – Argentina v Colombia

SEC
301

ROW
23

SEAT
8

ENTRY INFO
SW GATE

)))



8:00 PM
Jul 14, 2024



**HARD ROCK STADIUM**
Copa America 2024 – Final – Argentina v Colombia

SEC
**301**

ROW
**23**

SEAT
**10**

ENTRY INFO
**SW GATE**



8:00 PM
Jul 14, 2024



**HARD ROCK STADIUM**
Copa America 2024 – Final – Argentina v Colombia

SEC
301

ROW
23

SEAT
11

ENTRY INFO
SW GATE



8:00 PM
## Jul 14, 2024



- CONMEBOL -
# COPA AMERICA
### USA 2024

**HARD ROCK STADIUM**
## Copa America 2024 – Final – Argentina v Colombia

| SEC | ROW | SEAT |
|---|---|---|
| **301** | **23** | **13** |

**ENTRY INFO**
## SW GATE



8:00 PM
Jul 14, 2024



- CONMEBOL -
COPA AMERICA
USA 2024

HARD ROCK STADIUM
Copa America 2024 - Final - Argentina v Colombia

SEC
301

ROW
23

SEAT
14

ENTRY INFO
SW GATE



8:00 PM
Jul 14, 2024



- CONMEBOL -
COPA AMERICA
USA 2024

HARD ROCK STADIUM
Copa America 2024 - Final - Argentina v Colombia

| SEC | ROW | SEAT |
|-----|-----|------|
| 301 | 23 | 12 |

ENTRY INFO
SW GATE



8:00 PM
Jul 14, 2024



- CONMEBOL -
COPA AMERICA
USA 2024

**HARD ROCK STADIUM**
Copa America 2024 - Final - Argentina v Colombia

| SEC | ROW | SEAT |
|-----|-----|------|
| 301 | 23 | 16 |

ENTRY INFO
SW GATE



8:00 PM
Jul 14, 2024



- CONMEBOL -
COPA AMERICA
USA 2024

HARD ROCK STADIUM
Copa America 2024 - Final - Argentina v Colombia

SEC
301

ROW
23

SEAT
15

ENTRY INFO
SW GATE